# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CARL LEE BUCHANAN,                                                                    PLAINTIFF
ADC #120661

v.                                          4:12-cv-00643-JMM-JTK

VESTA MULLINS, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Carl Buchanan is a state inmate confined at the Wrightsville Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. By Order dated October 19, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint, advising him that an Amended Complaint would take the place of his Original Complaint. (Id. at p. 4.) Plaintiff has now filed an Amended Complaint (Doc. No. 4).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972), and must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleges in his Amended Complaint that the three Defendants are not providing him "with the same level of care as if I was in the free world, by not providing me access

to an MRI plus an orthopedic console (sic)." (Doc. No. 4, p. 4.) He claims this failure is cruel and unusual punishment, and asks the Court to order Defendants to take him to a neck specialist. (Id. at p. 5.)

To state a claim for an Eighth Amendment violation, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In the October 19, 2012 Order providing Plaintiff with the opportunity to amend his Complaint, the Court noted that the allegations of his Original Complaint amounted to a disagreement over the type of medical care received, which does not state a claim for relief. (Doc. No. 3, p. 3). The Court included the following directions for the submission of an Amended Complaint:

> Therefore, Plaintiff's Amended Complaint should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in**

4

**his/her individual or official capacity, or in both capacities; and 4) state how he was harmed.**

(Id. at p. 4.) Plaintiff's Amended Complaint, however, fails to include any specific allegations of conduct supporting an allegation of deliberate indifference by the Defendants, and continues to allege a disagreement over the **type** of medical care he is receiving, over Defendants' decision not to order an outside consult. Therefore, the Court finds that Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," and that his Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

### IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2      This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 21st day of November, 2012.

  _____
   JEROME T. KEARNEY
   UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.